FRANK VESESKIS ET AL. *v.* BRISTOL ZONING COMMISSION ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued March 4—decision released April 15, 1975

*Richard M. Corr,* for the appellants (plaintiffs).

*Kenneth J. Laska,* for the appellee (named defendant).

*James E. Hayes,* for the appellees (defendants Walter J. Porowski, Sr., et al.).

PER CURIAM. This is an appeal from a judgment of the Court of Common Pleas dismissing an appeal from the action of the defendant Bristol zoning commission changing the zone of two adjoining parcels of land containing approximately fourteen acres from residence B zone to residence C zone and providing for a 200-foot buffer zone on the easterly side of this land. The plaintiffs Frank and Victoria Veseskis own a fifteen-acre parcel of land abutting to its west the easterly border of the fourteen-acre area subject to the zone change.

In their appeal to the Court of Common Pleas, the plaintiffs claimed that the zoning commission acted illegally, arbitrarily and in abuse of its discretion in creating a buffer zone on one side of the residence C zone in violation of its authority under § 8-3 of the General Statutes. Notwithstanding this claim, the court concluded that "[t]he specific buffer zone created by the defendant commission incident to the general zone change is similar to yard and setback requirements and is a valid exercise of the police powers granted it by § 8-3 of the Connecticut General Statutes." On their appeal to this court, the plaintiffs have assigned error to that conclusion.

Section 8-2 of the General Statutes provides, in pertinent part, that "[s]uch zoning commission may divide the municipality into districts of such number, shape and area as may be best suited to carry out the purposes of this chapter; and, within such districts, it may regulate the erection, construction, reconstruction, alteration or use of buildings or structures and the use of land. All such regulations shall be uniform for each class or kind of buildings, structures or use of land throughout each district." Section 8-3 of the General Statutes sets forth the procedure by which the regulations enacted pursuant to § 8-2 may be enforced, amended or changed. Nothing in § 8-3, however, abrogates the express requirement of § 8-2 that such regulations shall be uniform. The obvious purpose of the requirement of uniformity in the regulations is to assure property owners that there shall be no improper discrimination, all owners of the same class and in the same district being treated alike with provision for relief in cases of exceptional difficulty or unusual hardship by action of the zoning board of appeals. General Statutes § 8-6; *Florentine* v. *Darien,* 142 Conn. 415, 424, 425, 115 A.2d 328. To require by zoning regulation a buffer strip between one zone of a particular classification and another zone of a different class in one specific instance and not in other instances when zones of these two zone classifications abut clearly violates the statutory uniformity requirement and is exactly the arbitrary and discriminatory use of the police power which the statute was designed to prevent. See 1 Anderson, American Law of Zoning §§ 3.13, 5.17; Bassett, Zoning, pp. 51–52.

In a 1958 case raising a similar issue; *Pecora* v. *Zoning Commission,* 145 Conn. 435, 144 A.2d 48;

this court said that a change of zone for a sixty-acre tract which provided that as part of the change of zone a fifty-foot green belt should be maintained around the new zone was permissible and did not violate the then existing statutory provision requiring uniformity because the change affected the use of the land itself and not the buildings or structures on it. The controlling provision of the statute as it then read was identical to the portion of § 8-2 quoted above except that it did not then contain the words "or use of land." The following year the legislature added those words. Public Acts 1959, No. 614, § 2. The clear implication of the *Pecora* decision and legislative action which followed is that had the statute at the time of the decision required uniformity as to the use of the land the provision of the Trumbull ordinance requiring a fifty-foot green belt would have been in violation of the statute. Inasmuch as § 8-2 now requires uniformity "for each . . . use of land . . . throughout each district," the Bristol zoning commission did not have the power or authority under §§ 8-2 and 8-3 of the General Statutes to create a special buffer strip on one specific individual piece of property by an amendment to its zoning regulations.

There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to sustain the appeal.