ROBERT K. BARTSCH ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF TRUMBULL ET AL.
(4056)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 7—decision released April 8, 1986

*Austin K. Wolf,* with whom, on the brief, were *Stewart I. Edelstein* and *John Sapiro,* for the appellants (plaintiffs).

*Samuel T. Rost,* with whom were *Burton S. Yaffie* and, on the brief, *Eric M. Gross,* for the appellees (defendants).

BIELUCH, J. This appeal arises out of the decision of the named defendant granting the application of the remaining defendants, Milton I. Schwartz, George J. Geanuracos, John F. McGarry, Melvyn Rapoport and Purification Pua, for a zone change and special permit to allow the construction of a medical office building in what had been a Residential AA zone. The trial court dismissed the plaintiffs'[1] appeal, and we granted their petition for certification to appeal to this court. We find error.

On February 23, 1983, the defendant Milton I. Schwartz applied to the commission to amend the town zoning map and zone boundaries in order to change the classification of property owned by the remaining individual defendants, consisting of 5.959 acres located in Trumbull, from Residence Zone AA to Commercial Zone B-C. At the same time, Schwartz applied for a special permit to construct on these premises a profes-

---

[1] In addition to the named plaintiff, Eileen I. Bartsch, Elva M. Riccio, Josephine G. Delvecchio, Frances King, Aimee Gallucci and Eva King, all of whom own land abutting the premises at issue, are plaintiffs herein.

sional medical office building consisting of two floors, a basement, and a parking facility. The public hearing was held on March 16, 1983. Thereafter, the commission approved the application for a zone change conditional upon: (1) the placement on the town land records of a restrictive covenant "limiting use of said premises to a medical office building including the uses incidental thereto, and said restriction shall be perpetual in nature and run with the land"; and (2) the creation of a "green belt" buffer area, fifty feet in width, and supplemented by plantings where necessary, along the boundaries of the property adjoining the surrounding residence zone. On the same day, the commission also approved Schwartz's application for a special permit to construct the requested professional medical office building and parking area, subject to fifteen conditions. One of those conditions required the "[r]eceipt of revised site plan to incorporate a 50' greenbelt-buffer area surrounding property pursuant to zone change amendment."

The plaintiffs appealed from the decision of the commission to the Superior Court. That court dismissed the appeal, after finding the action of the commission proper. We granted certification and this appeal followed. The plaintiffs have raised five claims of error for our consideration:[2] (1) whether the court erred in concluding that the requirement of a "green belt" buffer zone in connection with the zoning change did not violate the uniformity requirement of General Statutes § 8-2; (2) whether the court erred in concluding that the uniformity requirement of § 8-2 was not violated by the commission's requirement that a permanent restrictive covenant be recorded to run with the

---

[2] In addition to these claims, the plaintiffs have raised an additional issue which we do not consider. This issue was not briefed and is, therefore, deemed abandoned. *Fullerton* v. *McGowan,* 6 Conn. App. 624, 625 n.1, 507 A.2d 473 (1986).

land; (3) whether the court erred in concluding that the zoning change was not granted without regard to the public health, safety and welfare as required by § 8-2; (4) whether the court erred in finding that the commission did not act arbitrarily and illegally in granting the zone change when a similar application had been denied earlier; and (5) whether the court erred in not finding that the rezoning constituted illegal contract zoning which is beyond the authority of a municipality.

The first two claims of error raised by the plaintiffs deal with the uniformity requirement of General Statutes § 8-2 and we treat these claims concurrently. Section 8-2 provides that "[a]ll [zoning] regulations shall be uniform for each class or kind of buildings, structures or use of land throughout each district . . . ." General Statutes § 8-3 sets forth the procedure by which the regulations enacted pursuant to § 8-2 may be established or changed. "Nothing in § 8-3, however, abrogates the express requirement of § 8-2 that such regulations shall be uniform. The obvious purpose of the requirement of uniformity in the regulations is to assure property owners that there shall be no improper discrimination, all owners of the same class and in the same district being treated alike . . . ." *Veseskis* v. *Bristol Zoning Commission,* 168 Conn. 358, 360, 362 A.2d 538 (1975).

In the present case, the commission has grossly violated the statutory uniformity requirement by requiring that a perpetual restrictive use covenant be placed on the land records, and that a buffer zone be created between the property at issue and the surrounding properties as a prerequisite to its approval of a zone change.

The commission approved a zone change for 5.959 acres of land owned by the individual defendants from Residence AA to Commercial B-C, "provided however

that a restrictive covenant be placed on the Land Records limiting use of said premises to a medical office building including the uses incidental thereto, and said restriction shall be perpetual in nature and run with the land."[3] The zone change was made effective "ten (10) days after certification by the Town Clerk that said restrictive covenant has been recorded in the Trumbull Town Land Records."

This perpetual restrictive covenant is a condition precedent to the zone change that exhibits a blatant violation of the strict requirement of § 8-2 that zoning regulations "be uniform for each class or kind of buildings, structures or use of land throughout each district." In effect, the commission has established a singular and permanent "medical office building use" of the 5.959 acres of land covered by the reclassification to Commercial Zone B-C and set it apart from the regulations for that zoning district. Not only is such a condition contrary to the uniformity requirement of § 8-2 but, additionally, it would create a nonamendable regulation or use classification precluding future changes pursuant to the provisions of § 8-3. Any such restriction on the future amendment of zoning regulations pertaining to the subject property is contrary to the public policy expressed by the legislature in the enactment of § 8-3 providing for the establishment and change of zoning regulations and districts.

Furthermore, "[t]o require by zoning regulation a buffer strip between one zone of a particular classification and another zone of a different class in one specific instance and not in other instances when zones

---

[3] The restrictive covenant "perpetual in nature [to] run with the land" limiting the use of the 5.959 acres contained in the premises to a medical office building, while appearing beneficial to the property owners in their present desire, could foreseeably become a heavy cloud upon the land title in the future upon a change in circumstances of the ownership or surrounding area.

of these two zone classifications abut clearly violates the statutory uniformity requirement [of § 8-2] and is exactly the arbitrary and discriminatory use of the police power which the statute was designed to prevent." *Veseskis* v. *Bristol Zoning Commission,* supra. The defendants' reliance, here and in the trial court, upon the claim that the commission had a policy which uniformly required the creation of a buffer strip in cases such as the present one is misplaced. Since no requirement exists in the pertinent zoning regulations requiring such buffer strips for zone change borders, the commission's self-adopted unwritten "policy" exists at its pleasure and discretion. The commission did not have the power or authority under §§ 8-2 and 8-3 to create "a green belt buffer area, 50 feet in width . . . along the boundaries [of the property] which adjoin a residence zone."

Because our conclusions with regard to these first two claims of error are dispositive of this appeal, we decline to discuss the remaining three claims of error.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.