PLEASANT VALLEY NEIGHBORHOOD ASSOCIATION
ET AL. *v.* PLANNING AND ZONING COMMISSION
OF THE TOWN OF SOUTH WINDSOR ET AL.
(5526)
(5536)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued December 2, 1987—decision released July 5, 1988

*Ralph G. Elliot,* for the appellant (named defendant).

*Edwin A. Lassman,* with whom, on the brief, was *Yolanda Sefcik,* for the appellant (defendant Melvin Simon & Company et al.).

*Thomas P. Byrne,* for the appellee (named plaintiff et al.).

*JoAnn Paul,* with whom, on the brief, was *Bruce S. Beck,* for the appellees (Rose Pastula et al.).

O'CONNELL, J. This combined appeal arises from a judgment of the trial court which overturned the defendant planning and zoning commission's grant of a zone change application. The application was submitted by the defendant developers as a precedent to the construction of the proposed Winchester Mall on the Manchester-South Windsor town line. The defendants claim that the trial court erred (1) in concluding that the commission had violated the uniformity requirement of General Statutes § 8-2 by requiring a buffer strip between commercial and residential zones in this instance and not in other similar situations, and (2) in concluding that the implementation of only three of nine proposed road improvements was necessary as a condition of the zone change application. We find error.

The following facts are relevant to the resolution of this appeal. On September 11, 1984, the defendant developers, Melvin Simon & Co., Richard D. Bronson, Allan Hutensky and Bernard G. Martin (hereafter developers) applied to the South Windsor planning and zoning commission (hereafter commission) for a zone change for a fifty-seven acre parcel located on the South Windsor-Manchester town line. After proper publication of notice of hearing, extensive public hearings on the application were held on November 13 through 15 and on December 11, 1984. On February 5, 1985, the commission granted the application, and the zoning

classification was changed from Rural Residential to Designed Commercial. The plaintiffs Pleasant Valley Neighborhood Association, an unincorporated association, and named individual resident taxpayers (hereinafter plaintiffs) appealed to the trial court seeking a reversal of the commission's grant of the zone change.

On July 23, 1986, the trial court overturned the commission's decision, concluding (1) that the commission's action was arbitrary, illegal and an abuse of discretion, as it allowed the zone change subject to certain conditions, and (2) that the commission's conclusion that only three of nine proposed road improvements were required, was not supported by the record. We granted the defendant commission's and defendant developers' petitions for certification to appeal.

I

The defendants' first claim that the trial court erred in concluding that "the zone change violates the uniformity requirement of [General Statutes] Section 8-2, in that it requires a buffer strip between the commercial zone and the residential zone in one specific instance and not in other instances when zones of these two classifications abut." The so-called "uniformity requirement" set forth in General Statutes § 8-2 provides in pertinent part: "All [local zoning] regulations shall be uniform for each class or kind of buildings, structure or use of land throughout each district, but the regulations in one district may differ from those in another district, and may provide that certain classes or kinds of buildings, structures or uses of land are permitted only after obtaining a special permit or special exception from . . . whichever commission or board the regulations may . . . designate, subject to standards, set forth in the regulations and to conditions necessary to protect the public health, safety, convenience and property values." The defendants contend that because

the regulations governing the type of zone change at issue in the present case *require* the creation of buffer zones between all designed commercial and residential districts, the implementation of such conditions does not violate the uniformity requirements of General Statutes § 8-2 but, to the contrary, can only *further* the uniformity of regulation in the town. We find this argument persuasive.

We note at the outset of our analysis, that a reviewing court's discretion in examining a zoning body's actions in ruling upon a zone change application is very limited. "When formulating zoning regulations, *including the establishment of particular zones and the designation thereof,* a local zoning authority is acting in its legislative capacity." (Emphasis added.) *Coastal Suburban Builders, Inc.* v. *Planning & Zoning Commission,* 2 Conn. App. 489, 492, 479 A.2d 1239 (1984). "We have said on many occasions that courts cannot substitute their judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally. *First Hartford Realty Corporation* v. *Plan & Zoning Commission,* 165 Conn. 533, 540–41, 338 A.2d 490 (1973)." *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 266, 455 A.2d 339 (1983). In addition, when the zoning body had made known on the record the reasons for its actions, " 'the reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations.' " *Fedorich* v. *Zoning Board of Appeals,* 178 Conn. 610, 613, 424 A.2d 289 (1979), quoting *First Hartford Realty Corporation* v. *Plan & Zoning Commission,* supra, 543. Therefore,

the action of the zoning body must be sustained by the reviewing court "if even one of the stated reasons is sufficient to support it." *Burnham* v. *Planning & Zoning Commission,* supra, 265; *Central Bank for Savings* v. *Planning & Zoning Commission,* 13 Conn. App. 448, 458, 537 A.2d 510 (1988).

Section 4.12.4.i of the South Windsor zoning regulations provides in pertinent part that the general plan of development submitted as part of the designed commercial zone change application "[s]hall provide buffer areas . . . no less than fifty feet in width from any streetline or adjacent business or industrial zone. A buffer no less than one hundred (100) feet in width shall be provided along any residential zone boundary." The plaintiffs argue that requiring buffer zones in a designed commercial zone while not requiring them in other zoning districts violates the uniformity provisions of General Statutes § 8-2. Because the statutory language contained in § 8-2 only requires *intradistrict* uniformity, and not uniformity among all districts in a given town; General Statutes § 8-2; and because the designed commercial zone itself constitutes a zoning district, we conclude that the buffer areas mandated as conditions of designed commercial zone approval do not violate the uniformity provisions of General Statutes § 8-2.

The designed commercial zone is a type of zoning district which is sometimes referred to as a "floating zone." This somewhat ethereal sounding moniker derives from the fact that the zoning district, unlike a district established in traditional Euclidean zoning, is not tied to any particular physical boundaries, but rather conceptually "floats" above the town, until an applicant demonstrates that the detailed conditions pertaining to establishment of the zone can be met. If the zoning body, acting in its legislative capacity, determines that all relevant criteria and conditions have been or can be met, the zone change is approved, and the zone

"floats" down upon the designated area to establish physical boundaries. *Sheridan* v. *Planning Board,* 159 Conn. 1, 16, 266 A.2d 396 (1969); *Nick* v. *Planning & Zoning Commission,* 6 Conn. App. 110, 113, 503 A.2d 620 (1986); T. Tondro, Connecticut Land Use Regulation § III, c. 5, p. 37. Our Supreme Court has long recognized the legality of this flexible zoning device. See *Sheridan* v. *Planning Board,* supra, 17 and cases cited therein.

General Statutes § 8-2 does not impinge upon a zoning body's discretion to determine what conditions must be met within a particular zone. "The requirement of uniformity imposed by § 8-2 of the General Statutes does not deprive the commission of all discretion but, on the contrary, permits it, within reasonable limits, to determine whether substantial differences, germane to the subject and purposes of the ordinance, exist to justify a given zoning classification." *Lavitt* v. *Pierre,* 152 Conn. 66, 75, 203 A.2d 289 (1964). By requiring a one hundred foot buffer within any designed commercial district wherever it abuts a residential zone boundary, the town zoning regulations establish a sufficient guaranty of intradistrict uniformity which satisfies the requirement of General Statutes § 8-2.[1]

The plaintiffs reliance upon our Supreme Court's decision in *Veseskis* v. *Bristol Zoning Commission,* 168 Conn. 358, 362 A.2d 538 (1975), and this court's own ruling in *Bartsch* v. *Planning & Zoning Commission,*

---

[1] It is not argued by any of the parties that the designed commercial zone does not constitute a zoning district, as referenced in General Statutes § 8-2. Section 2 of the South Windsor zoning regulations entitled "Districts" provides: "For the purpose of these regulations, the town of South Windsor is hereby divided into zoning districts regulating the use of land and buildings, the height and bulk of buildings, and the areas of lots, yards, courts and open spaces as follows and as provided hereafter . . . [2.1] Designation . . . DC . . . Principal Use . . . Designed Commercial." See also *Sheridan* v. *Planning Board,* 159 Conn. 1, 16, 266 A.2d 396 (1969); T. Tondro, Connecticut Land Use Regulation § III, c. 5, p. 37.

6 Conn. App. 686, 506 A.2d 1093 (1986), is misplaced. In *Veseskis,* the Supreme Court, in a per curiam decision, held: "To require by zoning regulation a buffer strip between one zone of a particular classification and another zone of a different class *in one specific instance and not in other instances when zones of these two zone classifications abut* clearly violates the statutory uniformity requirement . . . ." (Emphasis added.) *Veseskis* v. *Bristol Zoning Commission,* supra, 360. In *Bartsch,* this court struck down the grant of a similar zone change application, when a condition of application approval was the creation of a buffer area between the borders of the abutting properties.

These cases can be readily distinguished from the present case because, unlike the present case, the zoning regulations at issue failed to insure consistency of application of the buffer area condition. Unlike the scenario described in *Veseskis,* pursuant to Section 4.12.4.i of the South Windsor zoning regulations, *every* designed commercial zoning district established within the town will have to provide buffer areas of one hundred feet in width along all residential boundaries. The zoning district at issue in *Veseskis* was a residence C zone, apparently similar in all ways, except the contested buffer condition, to other residence C zones in the town. In the present case, however, the proposed zoning district, a designed commercial zone, is not merely a variety of commercial zone, but is, rather a completely different zoning district. See South Windsor Zoning Regulations § 2.1. Thus, because each designed commercial zone is a separate and distinct zoning district, and because *each* designed commercial zone requires such buffers as conditions of approval, the holding of the court in *Veseskis* is inapplicable. In addition, unlike the situation presented in *Bartsch,* where the zoning commission attempted to enforce a "self-adopted unwritten 'policy' [which] exists at its [the commission's]

pleasure and discretion"; *Bartsch* v. *Planning & Zoning Commission,* supra, 691; the implementation of the buffer area requirement at issue in the present case is established in the town's zoning regulations. These precedents are therefore inapposite and unpersuasive.

Applying the standard of review set forth at the onset of our analysis, we conclude that the defendant zoning commission did not act arbitrarily or illegally in requiring a buffer area as a condition of the zone change at issue, and also that the grounds for its decision are reasonably supported by the record. *Burnham* v. *Planning & Zoning Commission,* supra 266; *Fedorich* v. *Zoning Board of Appeals,* supra; 613.

## II

The defendants' second claim of error alleges that the court erred in concluding that the record did not support the commission's conclusion that only three of nine proposed road improvements were required to decrease the traffic impact which would result from the mall. We agree.

The record in the present case can be best characterized as expansive. Four nights of public hearings produced 350 pages of transcribed testimony from expert witnesses presented by both the plaintiffs and the defendants, from town employees, from consultants hired by the town to examine the application at issue, and from members of the general public. No claim is made that the commission's decision was uninformed.

In its memorandum, the trial court stated with regard to this issue that "the evidence in the record does not support the Commission's conclusion that only improvements seven through nine are necessary to decrease the traffic impact which would result from the mall. The testimony and reports clearly show that some or all of the other improvements are necessary prerequi-

sites to the opening of a shopping mall in the South Windsor area. The portions of the record cited by defendants do not reasonably support the Commission's conclusion." (Citations omitted.)

As stated in our discussion of the defendants' first claim of error, a reviewing court's authority in examining a zoning body's decision made in its legislative capacity is extremely limited. In such circumstances it is not the function of the court to retry the case. "Conclusions reached by the commissioner must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." *Central Bank for Savings* v. *Planning & Zoning Commission*, supra, 451–52, quoting *Burnham* v. *Planning & Zoning Commission*, supra.

In its decision, the commission stated that it believed that while "improvements Nos. 1-5 are needed to meet the future traffic growth requirement of the town whether or not the instant application is approved, it finds that these improvements do not need to be in place prior to the opening of the contemplated mall; and therefore their construction is not made a condition of the opening of the mall."

Our review of the record indicates that although the testimony and evidence was conflicting with respect to the impact of the proposed construction and the ability of the conditions adopted to alleviate the resultant traffic congestion, we hold that the conclusions reached by the commission are reasonably supported by the record and must be upheld. The trial court erred in determining that the record did not support the commission's

conclusion and in substituting its own opinion for that of the commission.

There is error, the judgment is set aside and the case is remanded with direction to render judgment upholding the decision of the defendant commission.

In this opinion the other judges concurred.