[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Joseph L. Consolini and Elizabeth Consolini, Robert A. Rizzo, Conio C. Lopardo and Marlene R. Lopardo, Robert A. Gioiella and Donna J. Gioiella, and Ronald Clifford, have appealed a decision of the defendant, Planning and Zoning Commission of the City of Torrington, granting a change of zone from R-15 (Residential) minimum lot size 15,000 square feet and B-L (Local Business) to C. I. R. (Restricted Commercial and Industrial) for a parcel of land of approximately 49.5 acres, owned by Torringford Commercial Associates et al and located at the intersection of East Main Street and Torringford Street in Torrington, Connecticut.
On March 17, 1988, Torringford Commercial Associates et al filed an application for the change of zone referred to above. The public hearing scheduled for June 15, 1988 commenced on said date and continued CT Page 2142 on July 6, 1988. Following the public hearing, the Planning and Zoning Commission unanimously approved the change of zone to C. I. R. on August 24, 1988. The minutes of said Commission (Record Item 51) reflect the following:
 MOTION by Ms. Strand to approve the zone change based on proposed use being consistent with the land uses in this area as a portion of this property has been previously approved for a similar use, and expansion of that approval is in the best interest of the City. Evidence submitted indicates that approval of this application will not result in undue traffic congestion in the area. The Planning Zoning Commission reserves the right of final site plan approval.
SECOND by Mr Della Donna, unanimously approved.
Thereafter, the plaintiffs filed this appeal, claiming that said Commission's action was arbitrary, capricious, unreasonable and an abuse of the discretion vested in it in that (a) significant portions of the proposed development plan could not be built because of the Inland-Wetlands Commission decision; (b) the plan acted upon by the Planning Zoning Commission was incomplete; (e) the Planning Zoning Commission approved the zone change without evidence that Traffic Approval was probable; (d) the Planning Zoning Commission approved the zone change without approving a complete development plan at the same time.
On December 19, 1988, pursuant to their motion, Torringford Commercial Associates, Konover Development Corporation, A. James Zeller, Gordon R. Hewitt, Elizabeth Hewitt, Charles Hewitt, Marsha Hewitt and Jeanette King were named as parties defendants.
AGGRIEVEMENT
Aggrievement is a prerequisite to maintaining an appeal. See Huck v. Inland Wetland Watercourse Agency, 203 Conn. 525, 530-531
(1987); Conn. Gen. Stats. Sec. 8-8 (a). From the evidence and the stipulation of the parties, the court finds that the plaintiffs own land which abuts or is within a radius of one hundred feet of the land Involved in the Planning Zoning Commission's decision and pursuant to Conn. Gen. Stats. Sec. 8-8 (a) are aggrieved parties entitled to bring this appeal.
SCOPE OF REVIEW
In this case, the Planning Zoning commission was acting in a legislative capacity when it granted the application for a change of zone. Calandro v. Zoning Commission, 176 Conn. 439, 440 (1979). When CT Page 2143 enacting zone changes, a Commission acts in its legislative capacity. Arnold Bernhard Co. v. Planning Zoning Commission, 194 Conn. 152,164 (1984). Wide and broad discretion is vested in the Commission when it acts as a legislative body. Anastasiou v. Zoning commission,6 Conn. App. 278, 283 (1986); Burnham v. Planning Zoning Commission,189 Conn. 261, 266 (1983). Such discretion is, for example, much broader than the discretion the Commission has when it acts in an administrative capacity. Parks v. Planning Zoning Commission,178 Conn. 657, 660 (1979); Malafronte v. Planning Zoning Board155 Conn. 205, 209 (1967). A court cannot substitute its discretion for the wide and liberal discretion enjoyed by a zoning authority acting within its prescribed legislative capacity. Hahn v. Zoning Commission,162 Conn. 210, 214 (1972). A reviewing court will not interfere with a decision to enact a zone change unless it is shown to be arbitrary, illegal or in abuse of discretion. Hawkes v. Town Plan Zoning Commission, 156 Conn. 207, 211 (1968). The burden of proof in such cases falls upon the plaintiff. Id at 211. Courts are authorized to overturn a local zoning authority's zone change as an abuse of discretion only in those rare instances where the zoning amendment is patiently arbitrary. Parks v. Planning Commission, supra at 663; Malafronte v. Planning Zoning Board supra at 209; Morningside Assn. v. Planning Zoning Board, 162 Conn. 154, 159-160 (1972). In determining whether a zone change was patently arbitrary, the court cannot test the credibility of the witnesses or determine the issues of fact. Such concerns are solely within the Commission's province. Calandro v. Zoning Commission, supra at 410. The question is not whether the court would have reached the same conclusion, but whether the Commission's decision deviates so far from applicable laws and the record presented to be patently arbitrary. Parks, 178 Conn. at 663. It is well settled that the court cannot substitute its judgment for that of the Commissions in making this determination. Burnham189 Conn. at 266; Calandro, 176 Conn. at 441-442. When acting in a legislative capacity, the Commission is not required to state more than one reason that is supported by the record. "If any reason culled from the record demonstrated a real or reasonable relationship to the general welfare of the community, the decision of the commission must be upheld." Parks, supra at 662-663. (Emphasis in original)
CLAIMS OF THE PLAINTIFF
The plaintiffs claim that the zone change cannot be valid because the Torrington Inland Wetlands Commission (hereinafter called IWC) did not fully approve the development plan submitted in conjunction with the application for the change of zone. Record, Item #47. The plaintiffs contend that since the IWC did not approve the development plan in its entirety, the Planning Zoning Commission acted illegally in approving the zone change in violation of Conn. Gen Stats Sec. 8-3 (g) which provides in relevant part:
In making its decision the zoning commission CT Page 2144 shall give due consideration to the report of the inland wetlands agency.
Sec. 8-3(g) does not require that the Planning Zoning Commission completely adopt the recommendations of the IWC, it merely requires that the zoning authority give "due consideration" to such a report. The plaintiffs concede that the Planning Zoning Commission acted with full knowledge of the IWC's decision. See Plaintiffs' brief at page 3. Morever, consideration was given to wetlands concerns throughout the rezoning process. (Transcript of Public Hearing, June 15, 1988 at Pages 42-45.) The wide and liberal discretion afforded a zoning authority acting in its legislative capacity carries with it the ability to make decisions without being bound by the decision of a wetlands commission. Where a zoning body, "acting in its legislative capacity, determines that all relevant criteria and conditions have been met, or can be met, the zone change is approved. . ." Pleasant Valley Neighborhood Assn. v. Planning Zoning Commission, 15 Conn. App. 110, 114 (1988). Here, the Planning Zoning Commission did not act in an illegal or arbitrary manner or in abuse of its discretion in approving the zone change despite certain objections of the IWC to the development plan.
The plaintiffs next claim that a complete development plan was not submitted to the Planning Zoning Commission and thus was in violation of Torrington Zoning Regulations, Section 225 which provides in relevant part:
 A petition for a restricted commercial and industrial zone whether or not in a location designated on the zoning map, shall be submitted to the Planning and Zoning Commission . . ., accompanied by two or more copies of a complete development plan, showing existing topography and proposed grading; extent, location and type of proposed structures, uses and open areas. Land to be included in such a zone must comprise at least five (5) acres.
This claim is apparently based upon one statement of the applicants' attorney wherein there was an indication that certain aspects of a development plan will come later after the rezoning and after additional work on the site plan itself.
(Transcript of Public Hearing, June 15, 1988 at Page 77.) This was somewhat clarified by the applicants' attorney shortly thereafter when he said, ". . . those are matters not for the legislative decision-making that goes into a rezoning, but for a later site plan review and approval . . ."
(Transcript of Public Hearing, June 15, 1988 at Page 78.) Confusion, If any, concerning whether the development plan was complete CT Page 2145 was satisfactorily put to rest at the continuation of the public hearing on July 6, 1988 when applicants' attorney said:
 It should be remembered this application which is pending before you is a petition for a rezoning accompanied by the required development plan. Should that rezoning be approved as has been in similar forms twice before dating back to 1970, that a subsequent site plan application will be brought forward and presented and discussed, reviewed, denied or approved with qualifications.
(Transcript July 6, 1988, pp. 89-90.)
and that the petition
 is technically correct in all respects under your regulations, final in the respect that based upon the merits, it complies with your existing plan, your existing regulations.
(Transcript July 6, 1988, p. 96.)
Therefore, there exists no indication that the development plan was other than complete. A site plan was not required under Section 225 of the Torrington Zoning Regulations and the Planning Zoning Commission acted within the scope of its regulations in approving the zone change.
The plaintiffs also claim that because Torrington Zoning Regulations Section 225, referred to above, requires that a complete development development plan be submitted with and application for change of zone, the Planning Zoning Commission cannot grant a change of zone while reserving the right to review a site plan.
It is true that said Commission did approve the change of zone while reserving the right "of final site plan approval." (See Transcript of Commissions meeting of August 24, 1988-Record Item 51 referred to above.)
However Torrington Zoning Regulations Sec. 225 requires only that a complete development plan, not a site plan, be submitted in conjunction with the application for change of zone. While a complete development plan need only show as per Sec. 225:
 . . . existing topography and proposed grading; extent, location and type of proposed structures, uses and open areas . . .
a site plan is a document of far greater specificity. (See Torrington Zoning Regulations Sec. 605.4(a)-(s).) CT Page 2146
Consequently, the Planning Zoning Commission's decision to grant the change of zone is not invalidated by said Commission's reservation of it "right of final site plan approval."
Lastly, the plaintiffs claim that the Planning Zoning Commission approved the zone change without evidence that Traffic Approval was probable.
In deciding whether to approve a proposed zone change, a zoning commission must consider carefully the effect of its decision on traffic congestion. See Conn. Gen. Stats. Sec 8-2; Jarvis Acres, Inc. v Zoning Commission, 163 Conn. 41, 49 (1972).
The Planning Zoning Commission was cognizant of the voluminous evidence about traffic which was presented to it by the applicants, plaintiffs, other experts and staff during the application process and the two nights of the public hearing. The plaintiffs do not contend that said Commission was uninformed concerning the effect of its decision on traffic congestion but rather that said Commission should have reached a different conclusion concerning the effect on traffic congestion.
As part of its traffic claim, the plaintiffs maintain there is no evidence that the State Traffic Commission would approve the applicants' proposal. The plaintiffs contend that because a zone change that requires action by another agency cannot be properly approved unless such action is a probability, the Planning Zoning Commissions vote on the zone change was improper. See Stiles v. Town Council, 159 Conn. 212,221 (1970).
There is evidence in the record upon which the Planning Zoning Commission could conclude that State Traffic Commission approval was a likely prospect.
The record is replete with references to the concurrent application to the State Traffic Commission. Mr Frederick Hesketh, traffic engineer for the Applicants submitted voluminous traffic studies to the Planning Zoning Commission which were also submitted to the State Traffic Commission. He also testified that a State Traffic Commission certificate was being pursued. (Transcript, June 15, 1988, at page 52).
Mr. Hesketh, on behalf of the applicants, further noted that
 I think those [matters relating to traffic near wetlands] are the kinds of things in working with the State Traffic Commission . . . those changes can be readily accomadated.
(Transcript, June 15, 1988 at page 65.)
Moreover, Mr. Hesketh indicated that the developer appeared CT Page 2147 willing to finance all improvements required to gain State Traffic Commission approval when he stated:
 State Traffic Commission will determine the extent of the improvements required for this development, and the statutes require that Konover Development Company be responsible for those improvements in the full course of the design, engineering and conclusion.
(Transcript, July 6, 1988 at page 69.)
This evidence leads to the conclusion that the Planning Zoning Commission had a sufficient basis in the record to determine that State Traffic Commission approval was probable.
The Planning Zoning Commission did not make State Traffic Commission approval a condition of its approval of the zone change. The fact that the development plan may require the later approval of state traffic authorities does not deprive the Planning Zoning Commission of the authority to approve an application for change of zone. Lurie v. Planning Zoning Commission, 160 Conn. 295, 307 (1971); Farmington v. Viacom Broadcasting, 10 Conn. App. 190, 195 (1987). A court does not substitute its judgment for that of a zoning commission in acting upon an application for change of zone. Burnham, supra, at page 266; Calandro, supra, at page 441-442. Thus, the question is not whether this court would reach the same conclusion as the Planning 
Zoning Commission but whether the record before the court supports the Commission's decision. Parks, supra, at Pages 662-663; Pleasant Valley. supra, at Page 118.
The court finds that the record contains ample evidence to support the result reached by the Commission.
For the reasons set forth above, the court finds the issues for the defendants and therefore finds that the appeal should be dismissed.
Accordingly, the plaintiff's appeal is dismissed.
MORTON I. RIEFBERG JUDGE OF THE SUPERIOR COURT