[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that the plaintiff is an aggrieved party after a hearing in which he testified he was an abutting landowner of 362 Putnam Avenue, Hamden, Connecticut.
On or about April 24, 1990, Charles Flanagan applied to the Zoning Board of Appeals (ZBA) of the Town of Hamden for approval of variances for reduction of lot size and reduction of lot width on the property known as 362 Putnam Avenue with the intention of constructing a three family house.
On May 31, 1990, the Hamden ZBA held a public hearing on the application, and on May 31, 1990, granted the application. Notice of this decision was received on June 12, 1990, by the Hamden Town Clerk's Office. On June 5, 1990, legal notice appeared in the New Haven Register.
The court sustains the variance granted by the ZBA and finds that it did not act illegally, arbitrarily or in abuse of its discretion. The appeal is dismissed. CT Page 8241
The property is located in an R-5 Zone and was a nonconforming building lot pre-existing the establishment of the current Zoning Regulations for the Town of Hamden. The parcel has a 50-foot frontage rather than the required 60-foot frontage. At the time of the application the existing structure had been substantially destroyed by a tornado in 1989.
The applicant sought and was granted a variance that would permit him to construct a three family house on the site.
The court finds that the ZBA, based on the record, could have granted the variance based on the fact that it would not affect the comprehensive zoning plan negatively since the area contains many three family houses and, secondly, that a hardship existed based on the tornado damage that would make the nonconforming parcel unbuildable.
As well-established this court may not substitute its own judgment for that of the ZBA's "liberal discretion" without a finding of illegality, arbitrariness, or an abuse of discretion by the ZBA. Schwartz v. Planning Zoning Commission, 208 Conn. 146,152, 543 A.2d 1339 (1988); Pleasant Valley Neighborhood Association v. Planning and Zoning Commission, 15 Conn. App. 110
(1988); First Hartford Realty Corporation v. Planning and Zoning Commission, 165 Conn. 533 (1973); and Howath v. Zoning Board of Appeals, 163 Conn. 609 (1972). As stated above, the court makes no such finding.
The record reflects that the ZBA could have found that the proposed structure would be appropriate for the site in that the structure would not substantially affect the comprehensive zoning plan because it is compatible with the existing homes in the area and that the ZBA could further find that the tornado, as an Act of God, created the hardship. Without the variance of Section 443, no structure could be built on the site. Secondly, the variance of the Section 444 requirement of a minimum 3,000 square feet per unit to permit 2,890 square feet per unit is within the discretion of the ZBA.
As stated in Fernandez v. Zoning Board of Appeals,24 Conn. App. 49, 53 (1991), "Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing." Molic v. Zoning Board of Appeals, 18 Conn. App. 159, 164, 566 A.2d 1049
(1989)."
Edward J. Leavitt, Judge. CT Page 8242