[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION ON MOTION TO TRANSFER
A motion to transfer this appeal to the Superior Court CT Page 2021 at Hartford was denied on November 21, 1991, since this Judicial District was the proper venue for a conventional zoning appeal under section 8-8 of the General Statutes, and an application to amend zoning regulations and to rezone the property is not an "affordable housing application" under the affordable housing act, section 8-30g of the General Statutes. Lantos v. Newtown Planning and Zoning Commission, 5 CTLR 216 (1991). The motion to transfer was decided without oral argument or briefs because they were not requested by counsel. For that reason, a motion to reargue the motion to transfer was granted. The parties have filed briefs and the issue has been reconsidered, but with the same result.
The plaintiff makes several arguments in support of its claim that a change in zoning regulations or a zone change can be an application to a zoning commission "in connection with an affordable housing development." None of these arguments are persuasive.
The definition of "commission" in section 8-30g(4) includes zoning commissions, planning commissions, combined commissions, zoning boards of appeals or other municipal agencies exercising zoning or planning authority. The definition does not include inland wetlands agencies. From this the plaintiff argues that there was no intent to exclude legislative matters before any of the agencies designated as a "commission." Making these agencies subject to the statute does not mean that all functions performed by each of them are subject to the affordable housing act. For example, zoning boards of appeals approve locations for gasoline service stations and repairer's licenses, and review decisions of the zoning enforcement officer, which are not functions even remotely connected with affordable housing. In addition to approving subdivisions, planning commissions establish highway lines, approve road layouts, and municipal improvements. Zoning commissions approve junk yards in addition to their more common functions of reviewing zone changes, special permits and site plans. Section 8-30g only applies to "affordable housing applications" which means an application for an "affordable housing development," which is CT Page 2022 more specific than and not equivalent to "any application" to a zoning commission. Section 8-30g(a)(1) of the Connecticut General Statutes. The additional language in the statute is significant and cannot be disregarded.
Reliance is also placed by the plaintiff on the burden of proof provision in section 8-30g(c). However, the fourth factor in the commission's burden of proof is that "public interests cannot be protected by reasonable changes to the affordable housing development." (Emphasis added.) As indicated in the prior opinion, a zone change or change in regulations, standing alone, is not an "affordable housing development" to which the commission can make changes and thereby create an affordable housing project. As the defendant claims, the plaintiff here has not proposed to develop affordable housing because the application presented, (for a zone change and change in regulations) proposed no actual affordable housing units or a plan of any kind. Moreover, if the applications which were filed were approved, while the result would be a change in zoning regulations and a zone change for some sort of affordable housing zone, it would not then result in construction of an affordable housing project, and in fact might never have that result. The owner of the property, whether the plaintiff or a purchaser from the plaintiff, could develop the property for any use allowed in the zone.
While the plaintiff contends that the legislative history of Public Act 89-311 (section 8-30g) shows intent to have the statute applied to legislative actions of a zoning commission, the discussions in the House and Senate and the Planning and Development Committee referred to in the brief do not say that or directly discuss the issue. At best the discussion indicates that the purpose of the statute is to create affordable housing by requiring municipalities to consider it. Nowhere does the discussion focus on whether the statute applies to both legislative and administrative functions of zoning commissions and other land use agencies, or state that anything other than a project to build affordable housing would be subject to the bill. In fact, one comment suggests that the law only applies to specific projects and not general changes in zoning regulations.[1]
Section 8-2 of the General Statutes contains a wide variety and somewhat contradictory list of matters that may be the subject of municipal zoning regulations. It provides in part that "regulations shall also encourage the development of housing opportunities for all citizens of the municipality consistent with soil types, terrain and infrastructure capacity." Section 8-2g also provides a CT Page 2023 special exemption from density limits for construction of affordable housing. The Legislature, apparently concerned that there were not sufficient incentives to promote affordable housing, went one step further in section 8-30g to require approval of an affordable housing application for an affordable housing development project when the zoning commission could not meet the four-part burden of proof under subsection (c). Legislative intent in a statute is determined by the language used in it and not by some unexpressed intent of proponents of the legislation. The definitions of "affordable housing development" and "affordable housing application" are controlling.
The prior opinion discusses the well established distinctions in the case law of our state between administrative and legislative functions, the broad discretion of local zoning commissions when enacting zoning regulations and making zone changes, and the limited ability of the courts to interfere with legislative, as opposed to administrative, functions. As our Supreme Court recently stated: "It is the rare case in which the legislative judgment of what is beneficial to the community can be superseded by that of the judiciary." Ghent v. Zoning Commission, 220 Conn. 584, 601. Relying upon earlier precedents, it also discussed this subject in Protect Hamden/North Haven from Excessive Traffic Pollution Inc. v. Planning Zoning Commission, 220 Conn. 527, 542-544,548, noting the very limited authority of the Superior Court in reviewing legislative decisions of a zoning commission, and the well established concept that the commission's wide and liberal discretion must be upheld unless the action taken is clearly contrary to law or an abuse of the commission's discretion. In another case, construing notice provisions in section 8-3h of the General Statutes, it concluded that the statute applied only when an application, petition, request or plan submitted to a zoning commission related to a specific project and not to an application which proposes zoning regulation amendments that are of general applicability, North Haven v. Planning Zoning Commission,220 Conn. 556, 563, but did not decide if a zone change for a specific site would be within the statute. Id., 566. Neither the legislative history or the language of section 8-30g indicates legislative intent for the court to now substitute its judgment for the broad legislative discretion of a zoning commission on an application for change of zone or zoning regulations, merely because the applicant claims that the proposals are the first step for "affordable housing."
The defendant argues persuasively that allowing the CT Page 2024 statute to apply to legislative actions of a zoning commission would allow developers looking for a special treatment and economic advantage to claim that their zone change proposal, would advance affordable housing and to obtain a favorable zone change without ever submitting a plan for an affordable housing project. "[P]rivate applicants for amendments to local zoning regulations usually are motivated by their own economic interests," id., 547, and a zone change allowing greater density of housing units and other incentives for affordable housing does not necessarily mean that it will be applied for or built. A zoning commission cannot attach conditions to zone changes, because that would violate the uniformity provision in section 8-2 of the General Statutes. Veseskis v. Bristol Zoning Commission,168 Conn. 358, 361.
Labeling a change in zoning regulations as an affordable housing application would also, if the plaintiff is correct, allow the preferential treatment of affordable housing appeals, making them subject to a radically different burden of proof under section 8-30g(c) than for conventional appeals from legislative decisions of zoning commissions. If the Legislature has this intent, it should modify and clarify the statute.
The plaintiff also contends that it is impossible to develop affordable housing in any municipality without a zone change. This assumes that the court cannot approve an affordable housing development project under section 8-30g(c) as part of its power to "wholly or partly revise, modify, remand or reverse the decision" of the commission without a zone change making the project a permitted use in the zone. While this is one of the many foggy areas in the Act, it should be noted that a variance granted by a zoning board of appeals under conventional zoning concepts results in the use of property in a manner otherwise forbidden by the zoning regulations. Grillo v. Zoning Board of Appeals, 206 Conn. 362,372; Carlson v. Zoning Board of Appeals, 158 Conn. 86,90. [Section 8-30g applies to the zoning board of appeals, which always has the function of granting variances, and in some municipalities is given the function of granting special permits and special exceptions. See sections 8-6 and8-30g(a)(4) of the General Statutes.]
Finally, as noted in the original opinion, the proper venue of this appeal as a conventional zoning appeal is in the Danbury Judicial District where the action was brought. There is no compelling reason, as requested by the applicant, to ship it to the Judicial District of Hartford/New Britain for the court there to decide whether section 8-30g applies CT Page 2025 to zone changes merely because the applicant labels the appeal with the magic words "affordable housing."
After reconsideration, the motion to transfer is still denied.
ROBERT A. FULLER, JUDGE