[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal of a change by the defendant, Planning Zoning Commission of Norwalk, to the city's Building Zone Map. The rezoning effected approximately 15 acres in South Norwalk, which primarily were changed from business to residential. The plaintiffs are D R, Inc. and La Joie Auto Wrecking Company. However, at a hearing held by this court on August 17, 1994, it was found that only D R, Inc., as the owner of property effected by the change in zone, was aggrieved for purposes of CT Page 11880 this appeal. Bossert Corporation v. Norwalk, 157 Conn. 279, 285,253 A.2d 39 (1968). The other plaintiff, LaJoie Auto Wrecking Company, did not own property abutting or within a radius of 100 feet of the premises that were rezoned. General Statutes § 8-8(a)(1).
This rezoning was initiated by the defendant Commission on its own motion and involved property on Woodward Avenue, Meadow Street, and seven adjacent streets, most of which, as indicated previously, were zoned either "Neighborhood Business," or "D" Residence. The first zone permits, among other uses, multifamily dwellings, retail stores, personal and business services establishments, and offices with gross floor areas of fewer than 8,000 square feet. § 118-510, Building Zone Regulations. The D Residence permits multifamily dwellings. § 118-360. The new zoning classification, "C" Residence, permits as a matter of right single-family and two-family dwellings. § 118-350.
The defendant Commission held a public hearing on March 4, 1987 and then voted in favor of the proposed zone change with eight affirmative votes and two abstentions. The defendant gave seven reasons for its action: "1) to protect the existing housing by placing residential uses under the protection of the residence zone; 2) to preserve the 1-2 family character of the area by preventing the encroachment of commercial, industrial, multifamily residential uses; 3) to make the zoning classification more accurately reflect existing land use; 4) to minimize the adverse effects additional commercial traffic would have upon the streets within the neighborhood; 5) to bring the zoning of the area more into conformance with the Coastal Area Management Plan (adopted 1982); 6) to have the zoning follow property lines; 7) to use zoning in conjunction with ongoing public and private improvements to upgrade the neighborhood."
D R, Inc. owns two adjacent parcels located at 48 and 40 Meadow Street. A two-family dwelling is located at 48 Meadow Street which, as noted, is a permitted use in the C Residence zone. Prior to the change in zone, this lot had been included in the Industrial Zone, which permits manufacturing and related uses. On the adjacent parcel, 40 Meadow Street, La Joie Auto Wrecking Company, Inc., as lessee, conducts an auto wrecking or scrap yard operation, which would be rendered a legally nonconforming use. This means that the scrap yard use may continue in operation but, according to the Building Zone Regulations, such use "shall not be enlarged, extended or altered." § 118-100C.
In its complaint, the plaintiff alleges, among other things, that the defendant Commission rejected the same application about five months prior to its approval thereof in March, 1987, without any change of circumstances being shown; that the change creates irregular lot shapes; CT Page 11881 that the defendant's action constitutes spot zoning; and that the change limits and diminishes a legally existing nonconforming use. The defendant also contends in its memorandum of law that an existing buffer zone surrounding the auto scrap yard had been eliminated, and that the required buffer zone now had to be located entirely on plaintiff's own property pursuant to § 118-1000(F) of the regulations.
In amending the zoning map and boundaries, the defendant Commission was acting in a legislative capacity. Parks v. Planning and ZoningCommission, 178 Conn. 657, 660, 425 A.2d 100 (1979); Central Bankfor Savings v. Planning and Zoning Commission, 13 Conn. App. 448,453, 537 A.2d 510 (1988). "A local zoning authority acting within its legislative capacity is endowed with freedom to act or not to act as it deems appropriate to meet the needs and demands of the body politic as it determines those needs and demands. `Balancing the preservation of the status quo with the reasonable pressures for change due to the growth in population and the onslaught of business needs and community requirements is a function of zoning which must best be resolved by the duly authorized legislative municipal body . . . .'" (emphasis deleted).Homart Development Co. v. Planning and Zoning Commission,26 Conn. App. 212, 216, 606 A.2d 13 (1991). The role of the Superior Court in ruling on such appeals was reiterated in Frito-Lay v.Planning and Zoning Commission, 206 Conn. 554, 572-573,538 A.2d 1039 (1988), quoting Raybestos-Manhattan. Inc. v. Planning and Zoning Commission, 186 Conn. 466, 469-70. 442 A.2d 65 (1982), to the effect that: "[t]he trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers. The court must invest such broad discretion in these authorities when determining the public need and the manner of meeting it, because they are closest to the circumstances and conditions which `create the problem and shape the solution'. Thus, the court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion." (Citations omitted). In this same case the Supreme Court added another well-known axiom: "Our law is that the action of the commission should be sustained if even one of the stated reasons is sufficient to support it." Id., 576.
As a general proposition a zone change must: (1) be in accord with the comprehensive plan; and (2) be reasonably related to the purposes set forth in General Statutes § 8-2. First Hartford RealtyCorporation v. Plan Zoning Commission, 165 Conn. 533, 541,338 A.2d 490 (1973). The comprehensive plan is deemed to be found in the zoning regulations and map, and the requirement of accordance with the comprehensive plan is deemed satisfied if a zoning board intends to promote "the best interests of the entire community." Id. "[I]n making CT Page 11882 its decision regarding a zone change, a zoning agency must consider the general public welfare inherent in the comprehensive zoning development plan rather than the individual benefit of the petitioner." Fenn v.Planning Zoning Commission, 24 Conn. App. 430, 436. 589 A.2d 3
(1991). The goals of the zoning regulations set out in General Statutes § 8-2 are similar to those in the Norwalk Building Zone Regulations, Art. 20, § 118-200.
It is evident that the defendant Commission in the present action had sufficient evidence presented to justify its decision. For example, the proposal for a zone change was submitted to the Connecticut Department of Environmental Protection because the subject premises in part was located within coastal area management boundaries, General Statutes § 22a-104(e). This department subsequently advised the defendant that the proposal was "consistent with the policies and provisions of the Connecticut Coastal Management Act." See General Statutes § 22a-90 et seq. In addition, the Zoning Committee of the defendant Commission approved the proposal on the basis that it would protect the existing housing supply and preserve the "established residential character of the neighborhood", since the area involved consisted "predominantly of one and two family residences"; that the present zoning "placed the existing housing supply at risk"; and, that the proposal substantially conformed to the Coastal Area Management Plan as "much" of the property in question was designated as "medium density residential."
The municipal planner testified at the public hearing that: "[t]he whole objective of the zone change is to protect the area we just ran through in the slides, to provide the same kind of protection that we customarily provide to residential neighborhoods. This is an area where people live and where they have in many cases invested their life savings in their residences because they want to raise there families there and they want the same type of enjoyment of their neighborhood as other residential areas of the city." Moreover, the proposal received substantial support from a number of those who attended the defendant's public hearing on March 4, 1987.[1]
As for the plaintiff's arguments in opposition to the change in zone by the defendant: (1) there is nothing in the record that indicates that the same application had been heard and rejected several months previous to the defendant's action in this case. Even if however, this allegation is correct, a municipal agency when acting in its legislative capacity is authorized to review a prior decision without the necessity of intervening changes in circumstances. "An administrative body, acting in a legislative capacity, is not bound by the general rule that CT Page 11883 prohibits it from reversing an earlier decision without evidence of a change in conditions." Fenn v. Planning Zoning Commission, supra,24 Conn. App. 435; (2) the record does not indicate that the defendant's rezoning created irregular lot lines; (3) the plaintiff did not prove its allegation of "spot zoning" which is defined as the "reclassification of a small area of land in such a manner as to disturb the tenor of the surrounding neighborhood," Michel v. Planning Zoning Commission,28 Conn. App. 314, 319, 612 A.2d 778, cert. den. 225 Conn. 923,614 A.2d 824 (1992), as 15 acres were involved in this reclassification; (4) the auto scrap yard use on plaintiff's property is not prohibited and may continue, although it may not be enlarged; and (5) the scrap yard does not require a "buffer" as claimed by plaintiff because § 118-1000F specifically provides that "[a]n existing commercial or industrial building or use shall be exempt from the requirements of this section."
Based on a review of the record before the defendant Commission it is evident that the defendant did not act arbitrarily or illegally and that its decision to rezone is reasonably supported by the record.Burnham v. Planning Zoning Commission, 189 Conn. 261, 266.455 A.2d 339 (1987). See also Pleasant Valley Neighborhood Assn. v. Planning Zoning Commission, 15 Conn. App. 110, 118, 543 A.2d 296 (1988).
Therefore, the appeal of the plaintiff D R, Inc. is dismissed and judgment may enter in favor of the defendant Commission.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of November, 1994.
William B. Lewis, Judge.