CITY OF NEW HAVEN ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(2206)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued March 5—decision released June 4, 1985

*Carolyn Kane,* with whom, on the brief, were *Frederick P. Leaf,* special assistant corporation counsel, and *Charles Albom,* corporation counsel, for the appellants (plaintiffs).

*Constance L. Chambers,* for the appellee (named defendant).

*Barbara Goren,* with whom, on the brief, was *John R. Williams,* pro se, for the appellee (defendant John R. Williams).

DUPONT, C.P.J. This appeal presents the question of whether, pursuant to General Statutes §§ 7-101a and 7-465, certain itemized bills for legal services submitted to the plaintiff city for representation of its municipal employees by its attorney are subject to public disclosure.

The case arose out of a denial of a request to the city of New Haven for copies of all itemized billings of the attorney hired by the city to represent the municipal employees, submitted from May 1, 1980, to January 23, 1981. The denial was appealed to the freedom of information commission (hereinafter FOIC) and an order was sought to compel disclosure of the requested infor-

mation. The FOIC approved the order of the hearing officer who had heard the matter. The order provided: "The respondents shall provide the complainant with copies of the billings submitted . . . from May 1, 1980 to the date of the complainant's request. The respondents may delete from the billings those portions which identify specific individuals, parties and cases. However, the respondents shall not delete the number of billing hours shown and general subject matter designations such as, but not limited to, 'research,' 'interviews' or 'court appearance.' " The plaintiffs appealed that order to the trial court, pursuant to General Statutes § 4-183, and the trial court dismissed the appeal. The plaintiffs then appealed that dismissal to this court.[1]

On appeal, the plaintiffs claim that the trial court erred (1) because the FOIC had no jurisdiction to hear the appeal from the city's denial of access to the requested records, (2) because the requested records were exempt from disclosure under General Statutes §§ 1-19 (b) (4) or 1-19 (b) (10), and (3) because the FOIC's denial of intervention by the municipal employees deprived those individuals of their due process rights, rendering the proceeding below constitutionally deficient.

The plaintiffs rely on the proposition that an attorney retained on behalf of an insured by an insurer has a primary responsibility to represent the interest of the insured rather than the insurer. *Novella* v. *Hartford Accident & Indemnity Co.*, 163 Conn. 552, 573, 316 A.2d 394 (1972); *Martyn* v. *Donlin*, 151 Conn. 402, 414, 198 A.2d 700 (1964). It is undisputed that counsel submitted and the plaintiffs have a record of itemized bills for legal services. Those itemized bills fall within the definition of public records under the Freedom of Infor-

---

[1] The plaintiffs involved in this appeal are the city and town of New Haven, and the office of the controller of the city and town of New Haven.

mation Act. General Statutes § 1-18a (d).[2] The FOIC has authority to entertain appeals from denials of access to public records. General Statutes § 1-21i.[3] The trial court did not err in finding that the FOIC had jurisdiction over the appeal.

The plaintiffs argue that the records are exempt from disclosure as communications privileged by the attorney-client relationship. General Statutes § 1-19 (b) (10).[4] Exemptions to the general rule of disclosure under the Freedom of Information Act are narrowly construed and the burden of proving an exemption is shouldered by the agency claiming it. *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 328–29, 435 A.2d 353 (1980).

The FOIC never examined the bills but rather relied on testimony to make its determination. The propriety of such a procedure is questionable where the record before this court indicates that it was conclusory language and general statements which formed the basis of the FOIC's action. Id., 339–41. The burden of sustaining the applicability of an exemption, however, is on the plaintiffs and the record reveals that that burden

---

[2] General Statutes § 1-18a (d), provides: "(d) 'Public records or files' means any recorded data or information relating to the conduct of the public's business prepared, owned, used, received or retained by a public agency, whether such data or information be handwritten, typed, tape-recorded, printed, photostated, photographed or recorded by any other method."

[3] General Statutes § 1-21i (b) provides in pertinent part: "Any person denied the right to inspect or copy records under section 1-19 or wrongfully denied the right to attend any meeting of a public agency or denied any other right conferred by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, may appeal therefrom to the freedom of information commission, by filing a notice of appeal with said commission."

[4] General Statutes § 1-19 (b) provides in pertinent part: "Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (10) records, tax returns, reports and statements exempted by federal law or state statutes or communications privileged by the attorney-client relationship . . . ."

was not sustained. *Maher* v. *Freedom of Information Commission,* 192 Conn. 310, 315, 472 A.2d 321 (1984).

The trial court conducted a review in camera of the billings and concluded that there was nothing in the bills to suggest that they came within the purview of the attorney-client privilege. The FOIC's order only compels dislosure as to the number of billing hours and general subject matter designations. Questions as to where and when a client had conversations with his attorney have been found not to be within the attorney-client privilege; *State* v. *Manning,* 162 Conn. 112, 120, 291 A.2d 750 (1971); nor have questions propounded to an attorney seeking the client's name and the capacity in which the attorney was employed been held to fall within the attorney-client privilege. *Turner's Appeal* 72 Conn. 305, 318, 44 A. 310 (1899). On the basis of the record before this court, the trial court did not err in concluding that the records ordered released were not exempt because of the attorney-client privilege.

The plaintiffs also claim that the trial court erred in finding that the FOIC correctly concluded that the records were not exempt pursuant to General Statutes § 1-19 (b) (4). That section provides that "records pertaining to strategy and negotiations with respect to pending claims and litigation to which the public agency is a party until such litigation or claim has been finally adjudicated or otherwise settled" are exempt from disclosure. The plaintiffs failed to submit the requested records before the FOIC for review and it is their burden to prove the applicability of the exemption. *Wilson* v. *Freedom of Information Commission,* supra, 341. The trial court, therefore, was correct in not disturbing the commission's order to disclose the records after deleting the names of parties, individuals, and cases. Indirect disclosure of material exempted from disclosure by the commission's order is improper; *Maher* v. *Freedom of*

*Information Commission,* supra, 319; but here an adequate record to make that determination is lacking. Mere speculative and conclusory statements as to the impact of disclosure do not satisfy the plaintiff's burden of establishing an adequate record to show why the records are exempt.

The plaintiffs' last claim is that the FOIC's action in denying the motion to intervene filed by the municipal employees rendered the proceeding before the commission constitutionally deficient. The plaintiffs lack standing to assert the due process rights of their municipal employees who did not appeal the denial of their motion. The claim is not properly before this court. *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 3 Conn. App. 432, 448–49, 489 A.2d 398 (1985).

There is no error.

In this opinion the other judges concurred.

