F. P., INC. *v.* COLLEGIUM AND WETHERSFIELD
LIMITED PARTNERSHIP ET AL.
(12617)

FOTI, FREEDMAN and SPEAR, Js.

Argued January 14—decision released March 29, 1994

*Thomas R. Legenhausen,* with whom was *Gina M. Varano,* for the appellant (substitute plaintiff).

*Richard P. Weinstein,* for the appellee (defendant Michael Bellobuono).

FREEDMAN, J. The substitute plaintiff, F. P., Inc., appeals from the trial court's denial of a motion for a deficiency judgment. It claims that the trial court improperly found that it could not recover a deficiency judgment because (1) it was not a party to the foreclosure action and (2) it had not filed a substitute complaint. We reverse the judgment of the trial court.

By an amended complaint dated October 11, 1990, Connecticut Bank and Trust Company, N.A., the original plaintiff, sought to foreclose a certain mortgage that it held on real property owned by the defendants[1] located in Hartford. All of the defendants were defaulted. Thereafter, on May 24, 1991, the original plaintiff filed a motion for judgment of strict foreclosure and, on June 3, 1991, the original plaintiff filed a motion

---

[1] The defendants at trial were Collegium and Wethersfield Limited Partnership, Parkview Limited Partnership, Thomas Shelto, Michael Bellobuono, Stephen Vecchitto, Sandra A. Squillante, Helen Gardner, Frederick L. Lynch, Jr., Dennis Gurevich, and Mac-Gray Company, Inc. The only defendant appearing in this appeal is Michael Bellobuono.

for substitution of plaintiff. The motion for substitution of plaintiff alleged that F. P., Inc., was the current holder of the note and mortgage that was being foreclosed.[2] On June 10, 1991, the trial court granted the motion to substitute F. P., Inc., as the plaintiff and rendered a judgment of strict foreclosure. On August 15, 1991, the substitute plaintiff filed a motion for a deficiency judgment, and, on November 18, 1992, it filed an amended motion for deficiency judgment, amended to include an allegation as to the value of the property on the date title vested in the substitute plaintiff.

After conducting a hearing on the amended motion for deficiency judgment, the trial court, on June 17, 1993, denied the motion. At that hearing, both the substitute plaintiff and the defendants presented testimony regarding the value of the subject property. In its memorandum of decision, the trial court found that the substitute plaintiff, F. P., Inc., was "not a party nor . . . a foreclosing plaintiff."[3] The trial court further found

[2] The motion contained the following allegations:

"1. On January 6, 1991 the Federal Deposit Insurance Corporation ('FDIC') became the receiver of the plaintiff, The Connecticut Bank and Trust Company, N.A., by virtue of a declaration of insolvency and appointment of receiver executed on that date by the Controller of the Currency pursuant to 12 U.S.C. § 1821 (d);

"2. The FDIC as receiver succeeded to the rights, title and interest of The Connecticut Bank and Trust Company, N.A., including the Note, Mortgage, Assignment and Guarantees referred to in the Complaint;

"3. The FDIC as receiver then entered into a purchase and assumption transaction with a newly organized national banking association, The New Connecticut Bank and Trust Company, N.A. ('NCBT'), pursuant to which agreement the FDIC, as receiver, assigned, transferred and conveyed its right, title and interest to certain assets, including the Note, Mortgage, Assignment and Guarantees referred to in the Complaint herein to NCBT;

"4. Further, on or about May 28, 1991, NCBT assigned all of its right, title and interest to the Note, Mortgage, Assignment and Guarantees referred to in the Complaint in this action, to F. P. Inc., the real party in interest to be substituted as plaintiff herein."

[3] The trial court file at that time did not show that the motion to substitute F. P., Inc., as plaintiff had been granted.

that the substitute plaintiff, F. P., Inc., had "not filed a substituted complaint alleging its entitlement to a deficiency judgment." Thereafter, the plaintiff commenced this appeal and filed a motion to reargue the motion for a deficiency judgment in the trial court. The plaintiff attached to its motion to reargue a transcript of the June 10, 1991 proceedings in the trial court, which revealed that the motion to substitute F. P., Inc., as plaintiff had been granted on that date.

Subsequently, the defendants then filed a motion in the trial court requesting that the trial court articulate its opinion as to fair market value and the entitlement of the substitute plaintiff to a deficiency judgment based on the credibility of the expert witness.

The trial court issued a memorandum of decision presumably in response to both the motion to reargue and the motion for articulation. In this memorandum of decision, the trial court did not address the issue of whether F. P., Inc., had been substituted as the plaintiff. The memorandum of decision stated that "this court reject[s] the testimony of the plaintiff's expert," that "the value set at the foreclosure shall stand," and "[a]ccordingly, a deficiency judgment is denied." The trial court also stated: "This determination of the value of the property makes it unnecessary for this court to grant reargument of the legal issues pertaining to the deficiency judgment because the value of the property does not merit a deficiency judgment. For the reasons stated, the motion to reargue is denied."

We must first address the defendant Michael Bellobuono's argument that regardless of whether the trial court was correct on the issue of standing, its finding that the value of the property did not merit a deficiency judgment is dispositive of the matter and, therefore, the judgment of the trial court must be affirmed. We do not agree.

"Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." *Fuller* v. *Planning & Zoning Commission*, 21 Conn. App. 340, 346, 573 A.2d 1222 (1990). "[O]nce the trial court found that it lacked subject matter jurisdiction to hear the [matter] . . . it was without authority to decide the case on the merits." *Cole* v. *Planning & Zoning Commission*, 30 Conn. App. 511, 513 n.1, 620 A.2d 1324 (1993). Here, the trial court's denial of the amended motion for deficiency judgment on the grounds that the substitute plaintiff was "not a party nor . . . a foreclosing plaintiff" and that it had "not filed a substituted complaint alleging its entitlement to a deficiency judgment" was tantamount to a finding of lack of standing and, therefore, a lack of subject matter jurisdiction. Once the trial court found that it lacked subject matter jurisdiction, it was without authority to determine the value of the property. Therefore, its finding that the value of the property did not merit a deficiency was a nullity and has no dispositive effect.[4]

We must next determine whether the substitute plaintiff did have standing to pursue the deficiency judgment. The trial court's finding that F. P., Inc., was not a party to the foreclosure action requires little discussion. F. P., Inc., was a party to the foreclosure action, as its motion to be substituted as plaintiff was granted by the trial court on June 10, 1991, prior to the trial court's rendering of the judgment of strict fore-

---

[4] Even though we hold that the trial court, having found that it lacked subject matter jurisdiction, could not then decide the matter on the merits, the finding of the trial court would also fail because "[a]n articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision." *Koper* v. *Koper*, 17 Conn. App. 480, 484, 553 A.2d 1162 (1989).

closure.[5] "A judgment [or decision] is in fact rendered in a cause tried to the court when the trial judge officially announces his [or her] decision orally in open court . . . ." *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 535, 294 A.2d 573 (1972). The fact that the order of the court was not recorded in the file does not nullify the order. See *Bowman* v. *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 254–56, 524 A.2d 610 (1987).

"The manner in which to bring a title taken by an assignment pending suit to the attention of the court is by and in an application for a change of parties. . . . No new cause of action, in such case, has arisen; there has been simply a transfer of the right of action for the original cause. . . . The substitution was effected when the order that it be made was passed. Nothing further was required to put the new plaintiff in the shoes of the former plaintiffs." *Fish, Receiver* v. *Smith,* 73 Conn. 377, 385–86, 47 A. 711 (1900). Therefore, when, in an action to foreclose a mortgage, there is a substitution of a new plaintiff arising out of the assignment of the underlying debt and security, it is not necessary for the substitute plaintiff to file an amended complaint.

Any motion to cite in or to admit new parties must state the grounds on which it is made. Practice Book § 103. Here, the motion to substitute, which was unopposed by the defendants, thoroughly described the background and history of the necessity to substitute F. P., Inc., as the plaintiff. Both the trial court and the defendants were fully apprised of the substitute plain-

[5] "[Counsel for the plaintiff]: I also have a motion, Your Honor, to substitute a plaintiff.

"The Court: I'll grant that. The New Connecticut Bank and Trust.

"[Counsel for the plaintiff]: The New Connecticut Bank also assigned the papers to another entity to take title, F. P., Inc.

"The Court: All right. Those may be granted. All right, strict foreclosure."

tiff's allegations of interest and the defendants had the opportunity to contest such allegations. See *Federal Deposit Ins. Corp.* v. *Retirement Management Group, Inc.,* 31 Conn. App. 80, 84–85, 623 A.2d 517, cert. denied, 226 Conn. 908, 625 A.2d 1378 (1993).

We conclude that the substitute plaintiff had standing to initiate and to pursue the motion for deficiency judgment.

The judgment denying the deficiency judgment is reversed and the case is remanded for a new hearing on the motion for a deficiency judgment.

In this opinion the other judges concurred.