[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The two above captioned record or administrative appeals brought by the plaintiff, Samuel J. Heyman, have been consolidated since they both involve actions by the defendant, Planning and Zoning Board of Appeals of the town of Darien (board), concerning the use of the plaintiff's property, a shopping center, located on the Post Road in Darien. The plaintiff applied to the defendant for a ruling that the proposed use of one of his stores by Nature's Kitchen, a health food retail store, would be legally non-conforming, or alternatively, for variances which would permit Nature's Kitchen's to conduct business on the plaintiff's premises. The defendant board rejected the applications after determining that the proposed use was not a permitted use in the zone, that the plaintiff could not avail himself of the rule permitting a legally non-conforming use to continue, and that variances of the use regulations were not justified.
The plaintiff contends that one of the board's members, Georgia Von Schmidt, an attorney, had a conflict of interest, and had predetermined the issues. The plaintiff, by agreement of the parties, took Von Schmidt's deposition, but she refused to answer certain questions. The plaintiff has now moved (#122 in the first of the above numbered appeals, and #111 in the second action) for an order directing the deponent to answer the questions in issue.
An evidentiary hearing conducted by the court with respect to plaintiff's request for such an order disclosed that on May 18, 1994, in the first hearing conducted by the defendant, Von Schmidt engaged in the discussion for a time, but then indicated that she might have a conflict of interest and decided to cease participating in the hearing. The record indicates that she did not join in the vote rejecting the plaintiff's application. The zoning enforcement officer subsequently advised the plaintiff's counsel that Von Schmidt did not vote because she "had represented one of the buyers of a unit in Villager Pond Condominiums and she wanted to avoid any perception of conflict of interest." The record also indicates that the Villager Pond Condominiums Association opposed the plaintiff's applications.
The board also conducted a hearing on July 20, 1994, in which the plaintiff sought a hearing on the merits of his application for certain variances to permit Nature's Kitchen proposed use. The board reiterated its position that it did not have the authority to grant a variance of the use regulations, but also indicated that even if it did have such authority, it would deny CT Page 4374 the requested variances. Von Schmidt participated in this second hearing and voted with the other members of the defendant board to deny the plaintiff's application.
At her deposition, Von Schmidt, when asked why she recused herself in the first hearing, said: "I heard some testimony in the hearing which led to some concern on my part that a client of mine may have been involved in, in some way, in favor or in opposition to this particular application." As to her participation in the second hearing, counsel for the board stated in its brief that: "between the two hearings she contacted her client and asked whether the client had a position on plaintiff's applications. Ms. vonSchmidt further testified [at her deposition] that the client advised that he/she had no position and therefore the potential for a perception or appearance of conflict of interest was eliminated in Ms. vonSchmidt's mind leaving her free to participate in the second application."
At this same deposition, Von Schmidt refused to identify her client or whether she had any clients residing in the Villager Pond Condominiums. She also refused, at the direction of the board's counsel, to state whether she had recused herself in prior hearings conducted by the board and under what circumstances.
The plaintiff contends that Von Schmidt is obliged to disclose the identity of her client in the Villager Pond Condominium, so that he can ascertain whether this client is, for example, a competitor of Nature's Kitchen, or has some other specific interest in the outcome of the case which was communicated to Von Schmidt. Von Schmidt stated at her deposition that she was justified in not disclosing the identity of her client because of the Rules of Professional Conduct. In its brief in opposition to the pending motion by the plaintiff, defendant cites as justification for Von Schmidt's position, Rule 1.6 of the Rules of Professional Conduct, which provides that "a lawyer shall not reveal information relating to representation of a client unless the client consents after consultation."
Whether an attorney is obliged to reveal the identity of his or her client was discussed in New Haven v. Freedom ofInformation Commission, 4 Conn. App. 216, 220, 493 A.2d 283
(1985). Citing Turner's Appeal, 72 Conn. 305, 318, 44 A. 310
(1899), the court indicates clearly that "seeking the client's name and the capacity in which the attorney was employed" are not CT Page 4375 within the attorney-client privilege. The attorney cannot be forced to discuss what legal advice was sought or given, but is obliged to disclose the client's name and the capacity in which he or she was employed. Id. The reasoning behind this ruling is clear. "The evil to be avoided is the creation of a situation tending to weaken public confidence . . . in the exercise of zoning power." (Internal quotation marks omitted.) Woodburn v.Conservation Commission, 37 Conn. App. 166, 175, ___ A.2d ___ (1995). One facet of this process is to determine whether a board member had "any disqualifying personal relationship with any opponent of the application." Id. The board contends that the only purpose behind the plaintiff's attempt to ascertain the identity of Von Schmidt's client is to find out "the content of his/her conversation with Attorney vonSchmidt." The plaintiff has the right to investigate the client's interest, if any, in his applications, and also whether, for example, the client and Von Schmidt discussed the applications. Legal advise between attorney and client is not and cannot be the subject of inquiry, and thus, contrary to the board's assertion, the plaintiff's inquiry does not constitute "a further intrusion upon attorney-client confidentiality."
The plaintiff also seeks an order that Von Schmidt answer questions regarding whether she had recused herself in other cases on conflict of interest grounds. The specific questions in issue, which counsel for the defendant directed the deponent not to answer, were whether Von Schmidt had ever recused herself on prior occasions, and what standards she thought should govern her decisions on whether to recuse herself. The issue is whether Von Schmidt should have participated in either or both of the two hearings on plaintiff's applications, not whether and why she might have recused herself on prior occasions. As to her personal standards for recusal, the guidelines have been well established in our caselaw, viz., bias, conflict of interest, predetermination. Therefore, the question was also improper as it called for Von Schmidt's opinion as to the criteria for recusal, which is not the issue in this application for an order regarding a deposition, nor does her answer have any relevancy. There were also vague references to a decision of the Appellate Court in a case involving the town of Wallingford on which Von Schmidt was questioned at her deposition. Her legal opinion on some unidentified case does not have any relevancy to the instant proceedings.[1]
In summary, the plaintiff has the right to pursue the issue CT Page 4376 of disqualification by investigating further the role, if any, played in these proceedings by the client or clients of Von Schmidt's who reside in the Villager Pond Condominiums. She is not permitted to invoke the attorney-client privilege in order to thwart such an investigation. On the other hand, the board's counsel was justified in directing the deponent not to answer the disputed questions discussed previously.
The plaintiff's request for attorney's fees and costs of a continued deposition is denied.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of April, 1995.
William B. Lewis, Judge