[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 6, 1995, The Cadle Company (Cadle) properly filed a motion to substitute itself as the party plaintiff in this equitable foreclosure action in the stead of Shawmut Bank, for the reason that "the notes and mortgages which are the subject of the plaintiff's foreclosure action have been assigned to [Cadle].". See F. P., Inc. v. Collegium Wethersfield Ltd., 33 Conn. App. 826,831, 639 A.2d 527 (1994) (noting that "[t]he manner in which CT Page 5284-RRRRRRRR to bring a title taken by an assignment pending suit to the attention of the court is by and in an application for a change of parties"); see also Practice Book § 103 (motion to admit new party must state the grounds on which it is made). Cadle's motion to substitute adequately described the reason necessitating the substitution of Cadle as the plaintiff for Shawmut Bank. Thus, both the trial court and the defendant, John Mandanici, Jr., were fully apprised of the fact that Shawmut Bank no longer retained an interest in the litigation, and that Cadle was the real party in interest. See Federal Deposit Ins. Corporation v. RetirementManagement Group, Inc., 31 Conn. App. 80, 84-85, 623 A.2d 517, cert. denied, 226 Conn. 908, 625 A.2d A.2d 1378 (1993).
While the motion to substitute was pending before the court, Mandanici served discovery requests upon Cadle and upon Shawmut Bank. Cadle responded seasonably; Shawmut Bank, however, failed to timely respond to a Request For Admissions served upon it on January 12, 1996.
On March 14, 1996, Mandanici filed a motion for summary judgment against Shawmut Bank, still the party plaintiff because the court had not yet ruled upon Cadle's motion to substitute. The defendant's memorandum of law in support of his motion for summary judgment notified the court, Cadle, and Shawmut Bank that the defendant was relying upon the negative legal effect of Practice Book § 239[1] to conclusively establish the contents of the Request For Admissions served upon Shawmut Bank which Shawmut Bank failed to respond to within thirty days from the date notice was filed with the court.
On April 1, 1996, Cadle filed its opposition to the motion for summary judgment. On the same day, as noted in Cadle's memorandum of law, Shawmut Bank filed a Notice of Compliance with the court, informing the court that it complied, albeit belatedly, with Mandanici's Request For Admissions.
On June 26, 1996, after Mandanici filed his motion for summary judgment, this court granted Cadle's motion to substitute. Before this court now is Mandanici's motion for summary judgment. Mandanici claims that Shawmut Bank's belated responses to his Request For Admissions have no legal effect. Instead, Mandanici asserts that for the purposes of this motion Shawmut Bank is deemed to have admitted the Request For Admissions by operation of the negative legal effect of Practice Book § 239. Moreover, Mandanici contends that Cadle, as the substituted plaintiff, is CT Page 5284-SSSSSSSS bound by the admissions of its predecessor Shawmut Bank. Thus, Mandanici argues that there remains no genuine issue of material fact when the court considers the facts established by the negative legal effect of Practice Book § 239. This court disagrees.
Mandanici is applying a strict interpretation of the rules of practice in an attempt to ambush the substituted plaintiff Cadle. Mandanici was fully apprised as of approximately December 6, 1995, that Cadle was the real plaintiff in interest in this action. Moreover, he was continually reminded that Cadle was the real plaintiff in interest through subsequent documents filed with the court by Shawmut Bank. See Objection to Motion for Nonsuit (docket entry number 155) (wherein Shawmut Bank stated: "11. In or around October, 1995, Shawmut sold and assigned the underlying loans, notes, and mortgages of this file to the Cadle Company of Cleveland, Ohio. . . . 13. In full compliance with this request, Shawmut produced copies of all documents evidencing the assignment of the loan instruments to the Cadle Company. . . . 15. Shawmut has produced all responsive documents and is no longer a party in interest in this case"); Objection to Discovery Requests (docket entry no. 158) (wherein one ground for objecting to each request was: "Finally, plaintiff objects to this request on the grounds that it is no longer the real party in interest in this action. By assignment dated October, 1995, plaintiff transferred all right title and interest in and to the subject notes and mortgages underlying this foreclosure action to the Cadle Company which has moved to be substituted as party plaintiff in this matter. Shawmut Bank has no further connection to this matter"). Indeed, Mandanici recognized that Cadle was the real plaintiff in interest as evidenced by his serving discovery requests upon Cadle before the court granted Cadle's motion to substitute.
Thus, it is inequitable to allow Mandanici to use the negative legal effect of Practice Book § 239 to hobble Cadle with Shawmut Bank's deemed responses. This court will not allow a party to use the rules of practice to work injustice. Practice Book § 6 states that "[t]he design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Practice Book § 6.
The court, having heard the parties in oral argument, finds that the presentation of the merits of the action will be CT Page 5284-TTTTTTTT subserved and that the interests of justice requires the following:
1. Shawmut's deemed response, resulting from its failure to timely answer defendant's Request for Admissions is treated as having been withdrawn as of Shawmut's filing its answers to said requests, and
2. in lieu of the deemed response, Shawmut's late filed answers are substituted.
In view of this determination, there remains a genuine issue of material fact. Accordingly, defendant's motion for summary judgment is denied.
WEST, J.