[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Paul Chreiman, filed a three-count complaint on March 31, 1998 against the defendant, ITT Hartford Group, in the judicial district of New London at New London. The plaintiff seeks damages for the defendant's alleged breach of contract, misrepresentation and breach of the covenant of good faith and fair dealing. The complaint arises out the defendant's alleged failure to defend and indemnify the plaintiff in a prior lawsuit in accordance with the commercial liability policy allegedly issued by the defendant through its alleged subsidiary, Hartford Fire Insurance Company (hereinafter "Hartford Fire").
In a separate action, commenced on November 20, 1998, the defendant's alleged subsidiary, Hartford Fire, brought a declaratory judgment action against the plaintiff in the judicial district of Hartford at Hartford. See Hartford Fire Insurance Co.v. Chreiman, Superior Court, judicial district of Hartford at Hartford, Docket No. 584871. In that case, Hartford Fire seeks a judgment declaring that the plaintiff is not covered for liability pursuant to its policy, and that Hartford Fire has no duty to indemnify the plaintiff.
In the present action before this court, the defendant, ITT Hartford Group, filed a motion for summary judgment on November 12, 1998, on the ground that it cannot be liable to the plaintiff because it did not issue the liability policy in question; rather, the defendant asserts that, as alleged in the plaintiff's complaint, Hartford Fire is the party who issued the policy. The CT Page 3980 plaintiff, instead of filing an objection and opposition memorandum to this motion as required by the rules, Practice Book § 17-45, filed a request for leave to amend the complaint and an accompanying motion to cite in Hartford Fire as a substitute defendant.
The plaintiff asks this court to cite in and substitute Hartford Fire as the defendant so that his amended complaint would name only Hartford Fire as the party-defendant in this case. The defendant, ITT Hartford Group, argues that such a substitution of parties creates a "new" cause of action, and as such, the amended complaint would not relate back to the original date of filing (March 31, 1998). Since the amended complaint, which names only Hartford Fire as defendant, would not relate back, the defendant argues that the amended complaint would be immediately subject to abatement (dismissal) because of the prior pending action doctrine. That is, the defendant argues that the declaratory judgment action in Hartford between Hartford Fire and the plaintiff, which was commenced on November 20, 1998, constitutes a "prior pending action" involving the same parties and same issues. Therefore, the defendant argues, an amendment to the present complaint would be a futile act.
The plaintiff counters that his requested amendment to the complaint would not create a new cause of action, and therefore would relate back, because he is not introducing a new party, but rather, merely correcting a "misnomer" of the name of the defendant in the present case. In support of this contention, the plaintiff states that Hartford Fire had actual notice of this action; knew that it was the proper defendant in this action; and was not in any way misled to its prejudice. The plaintiff notes that the defendant and Hartford Fire share the same counsel, and that Hartford Fires commencement of the declaratory judgment action in Hartford demonstrates Hartford Fires knowledge that it was the proper defendant.
"Practice Book 103 [now § 9-22] provides that a motion to cite in or admit new parties must comply with [Practice Book] 196 [now § 11-1] and state briefly the grounds upon which it is made. The decision whether to grant a motion for the addition or substitution of a party to legal proceedings rests in the sound discretion of the trial court." (Internal quotation marks omitted.) Fuller v. Planning Zoning Commission,21 Conn. App. 340, 346, 573 A.2d 1222 (1990); see also F.P., Inc. v. Collegium Wethersfield Ltd., CT Page 398133 Conn. App. 826, 831, 639 A.2d 527
(1994). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicants presence will enable the court to make a complete determination of the issues." A. Secondino Son, Inc.v. Loricco, 19 Conn. App. 8, 14, 561 A.2d 142 (1989).
"Amendments relate back to the date of the complaint unless they allege a new cause of action." Keenan v. Yale New HavenHospital, 167 Conn. 284, 285, 355 A.2d 253 (1974). An amended complaint against a new party states a new cause of action. SeeVincent v. Litchfield Farms, Inc., 21 Conn. App. 524, 527-28,574 A.2d 834, cert. denied, 215 Conn. 815, 576 A.2d 545 (1990).
"The treatment by our courts of cases that deal with amendments illustrates the distinction between amendments that merely correct descriptive defects and those that create new causes of action." Kaye v. Manchester, 20 Conn. App. 439, 444,568 A.2d 459 (1990). "The dispositive issue is whether the subsequent addition of [the defendant] introduced a new party to the proceedings or simply corrected a misnomer in describing the party originally summoned to the court. . . . The effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." (Citations omitted; internal quotation marks omitted.) Pack v. Burns, 212 Conn. 381, 384, 562 A.2d 24
(1989).
"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, a good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . We must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same underlying rights." (Citations omitted; internal quotation marks omitted.) Cumberland Farms,Inc. v. Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998). CT Page 3982
"The [prior pending action doctrine] does not apply, however, when the two actions are for different purposes or ends or involve different issues; . . . or where there is not a strict identity of the parties. . . ." (Citations omitted.) Conti v.Murphy, 23 Conn. App. 174, 178-79, 579 A.2d 576 (1990). "For the prior pending action doctrine to be invoked properly, both actions must be pending in the same state and they must involve the same parties and the same issues. . . . The rule does not apply . . . when the two actions are for different purposes or ends or involve different issues; or where there is not a strict identity of the parties." (Citations omitted; internal quotation marks omitted.) Casella v. Foster, Superior Court, judicial district of New Haven, Docket No. 410277 (September 17, 1998, Moran, J.).
 Analysis Conclusion
The proposed substitution of Hartford Fire for the defendant ITT Hartford Group is more than a mere correction of "a misnomer in describing the party originally summoned to the court." SeePack v. Burns, 212 Conn. 381, 384, 562 A.2d 24 (1989). The plaintiff's naming of ITT Hartford Group cannot be viewed as a "defect in description" of Hartford Fire. Contrast Pack v. Burns, supra, 212 Conn. 384 (plaintiff's erroneous naming of "Transportation Commission" merely a misdescription of proper defendant "Commissioner of Transportation"). The citing in and substitution of Hartford Fire, therefore, introduces a completely new party to the proceedings, and consequently, a new cause of action. A new cause of action does not relate back to the date of the original complaint, see Keenan v. Yale New Haven Hospital, supra, 167 Conn. 285, and therefore, the plaintiff's proposed amended complaint would be operative as of the date granting such request.
The court has taken judicial notice of the prior pending action (commenced November 20, 1998) between Hartford Fire and the plaintiff. That action, like the present case, necessarily entails consideration of the terms of the subject policy, and Hartford Fires conduct in relation thereto. See Amex AssuranceCo. v. Horobin, supra, Superior Court, Docket No. 258572. Allowing the plaintiff the opportunity to amend the complaint and substitute Hartford Fire as the defendant would only leave the amended complaint open to immediate dismissal because of the prior pending action doctrine. It would be inappropriate for the court to engage in such a futile act. CT Page 3983
In conclusion, the plaintiff's motion to cite in and substitute Hartford Fire as the defendant in the present case, and his accompanying request for leave to amend the complaint are denied. The plaintiff has offered no other objection or opposition to the defendant's motion for summary judgment is granted.
Joseph J. Purtill, Judge Trial Referee