[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises in the context of a dispute over legal fees allegedly CT Page 12461 owed to the plaintiff by the defendant pursuant to two fee agreements. The plaintiff, Ralph C. Crozier, is an attorney licensed to practice law in the State of Connecticut. The defendants, Charles J. Gattoni (Gattoni) and Diane Eglise (Eglise) individually and on behalf of A C Reality Trust, are former clients of the plaintiff's law firm.
On November 25, 1997, the plaintiff filed a five count complaint against the defendants captioned Ralph C. Crozier, Esq. v. Gattoni. The first four counts of the complaint are directed at Gattoni and set out claims for breach of contract, quantum meruit, misrepresentation and unjust enrichment. The fifth count, alleging malicious interference with contractual rights, is directed at Eglise.
This case arises in the context of a dispute over legal fees allegedly owed to the plaintiff by the defendant pursuant to two fee agreements. The plaintiff, Ralph C. Crozier, is an attorney licensed to practice law in the State of Connecticut. The defendants, Charles J. Gattoni (Gattoni) and Diane Eglise (Eglise) individually and on behalf of A C Reality Trust, are former clients of the plaintiff's law firm.
On September 15, 2000, the court heard oral argument from both parties. At the hearing, counsel for the defendants raised a question as to whether the plaintiff has standing to bring the action. The defendants contend that because the first fee agreement was between Gattoni and Crozier Giacci, LLC, and the second agreement was between Gattoni and Ralph C. Crozier Law Offices, LLC, and the plaintiff has not filed suit in the name of the limited liability company, but, rather, in his own name, the plaintiff lacks standing to maintain a cause of action against the defendants.
The issue of "standing . . . implicates a court's subject matter jurisdiction, which may be raised at any point in [the] judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821
(1996). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause."F. P., Inc. v. Collegium and Wethersfield Ltd., 33 Conn. App. 826, 830,639 A.2d 527, cert. denied, 229 Conn. 917, 642 A.2d 1211 (1994). Moreover, "[t]he trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question. . . ." GlastonburyVolunteer Ambulance Assn., Inc. v. Freedom of Information Commission,227 Conn. 848, 851, 633 A.2d 305 (1993).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless one has, in an individual or representative capacity, some real interest in the cause of action. . . ." Crone v. Gill, 250 Conn. 476, . 479, 736 A.2d 131
CT Page 12462 (1999). "Once the question of lack of standing is raised, it must be disposed of . . . [regardless of the form in which] it is presented. . . ." (Citations omitted; internal quotation marks omitted.) Fink v.Golenbock, 238 Conn. 183, 199, 680 A.2d 1243 (1996).
Further, "standing does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief." (Emphasis added; internal quotation marks omitted.) Lewis v. Swan, 49 Conn. App. 669, 675,716 A.2d 127 (1998). "Where a statute . . . sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case."Gill v. Diorio, 51 Conn. App. 140, 145, 720 A.2d 526 (1998). "Standing focuses on whether the party initiating the action is the proper party to request adjudication of the issues." U.S.T. Bank/Connecticut v.Davenport, 47 Conn. App. 459, 464, 705 A.2d 562 (1998).
General Statutes § 34-101(9) provides: "`Limited liability company' . . . means an organization having one or more members that is formed under sections 34-100 to 34-242, inclusive." "A limited liability company shall have all powers specially granted to it by law, all powers enumerated in this section and all powers elsewhere granted in sections34-100 to 34-242. . . ." General Statutes § 34-124(a).
"[A] limited liability company shall have power to and may . . . (3) make contracts . . . General Statutes § 34-124(d). In addition, "[a] limited liability company shall have power to and may sue and be sued. . . ." General Statutes § 34-124(b). "Suits may be brought by or against a limited liability company in its own name." General Statutes § 34-186.
General Statutes § 34-134 provides, in pertinent part, "[a] member or manager of a limited liability company is not a proper party to a proceeding by or against a limited liability company solely by reason of being a member or manager of the limited liability company . . ." General Statutes § 34-187 provides, however, that "suit on behalf of the limited liability company may be brought in the name of the limited liability company by: (1) [a]ny member or members . . . or . . . (2) any manager or managers. . . ."
The defendants assert that the first fee agreement Gattoni executed was with Crozier Giacci, LLC, and the second fee agreement Gattoni executed was with Ralph C. Crozier Law Offices, LLC. The defendants therefore assert that because the agreements were with a limited liability company and not with the plaintiff individually, and the plaintiff has not brought the action in the name of the limited liability company, the CT Page 12463 plaintiff does not have standing to maintain this cause of action.
General Statutes §§ 34-186 and 34-187 require that suits on behalf of a limited liability company be brought in the name of the limited liability company and not in the name of individual members. The plaintiff is not a party authorized by statute to maintain an action on behalf of a limited liability company because the plaintiff has brought this cause of action in his own name rather than in the names of the limited liability companies with whom the defendant contracted. The plaintiff is not a proper party to maintain this cause of action. The plaintiff lacks standing, which deprives the court of subject matter jurisdiction.
For the foregoing reasons the plaintiff's cause of action should be and is hereby dismissed.
Bt the Court
Joseph W. Doherty, Judge